HARDY, Judge.
This is a compensation claim and plaintiff appeals from judgment rejecting his demands for total permanent disability.
The questions presented by this appeal are entirely factual and concern (1) the occurrence of an accident, and (2) the resulting disability, if any.
Plaintiff was employed by defendant, Arkansas Louisiana Gas Company, as a machinist and had been so employed for a period of some six years, more or less, prior to the alleged occurrence of the accident, which is the basis of this suit, on June 2, 1960. On said date plaintiff claims he sustained a fall while working at his lathe, throwing him into a stack of heavy pipe flanges. As the result of this accident plaintiff asserts that he sustained an immediate temporary paralysis of the lower half of his body, coupled with a severe musculo-ligamentous sprain of the lumbar spine and an immediate disruption of his urinary and defecatory functions; that his condition failed to respond to treatment and had become so aggravated that he was affected by a complete neurogenic disfunction of the urinary bladder, together with a lack of control over the lower digestive tract and the elimination of digestive wastes.
Inasmuch as we feel that plaintiff’s claim can be determined upon the record with *314 reference to the nature and extent of his asserted disability, we pretermit consideration of the question as to the occurrence, vel non, of the alleged accident, notwithstanding, the fact that this is a serious issue supported only by the testimony of plaintiff himself and open to valid question and doubt.
After the occurrence of the asserted accident, plaintiff was transported to the Highland Hospital in the City of Shreveport and placed under the care of Dr. F. C. Boykin, an eminently qualified neurosurgeon. During plaintiff’s five-day stay in the hospital he was also observed and attended by Dr. John M. Gosslee, an orthopedic specialist. The testimony of both of these, attending, physicians was tendered on behalf of defendant.
Upon the recommendation of Dr. Boykin plaintiff was referred to Dr. C. M. Pas-quier, a specialist in urology. This medical expert testified on trial as a witness on behalf of plaintiff. Plaintiff first came under Dr. Pasquier’s treatment in 1952, suffering from a disfunction of the urinary bladder, resulting from an injury to the spinal cord sustained in an automobile accident in 1947. Plaintiff had undergone an operation by another urologist in about the year of 1949. An analysis of Dr. Pasquier’s testimony convincingly establishes the facts that plaintiff suffered with serious urinary infections, necessitating surgical procedure on the neck of the bladder; that recurrences of infection occurred intermittently, which incidents had become more severe and more frequent, requiring another surgical intervention and resection of the neck of the bladder in March of 1960. Dr. Pasquier’s examination in July of 1960, following the asserted accident, disclosed an increased infectious urinary difficulty, which was brought under control by the use of an indwelling urethral catheter.
We have sought the answer to the serious question as to the possible causal connection between the accident and plaintiff’s subsequently worsened condition with some diligence, inasmuch as proof of such connection would entitle plaintiff to recovery. Dr. Pasquier did express the opinion that there had been a disturbance or some nature of injury to the nerve pathways which brought about an increased infection of the bladder, but he carefully qualified this opinion by the statement that it was based entirely upon the history given by plaintiff. Finally, this witness testified that the occurrence of the injury he described would have required a trauma causing either a fracture or a tearing of the ligaments, in the appropriate nerve root area supplying the bladder, with attendant bleeding or pressure.
At this point we think it is material to comment on the fact that neither Drs. Boy-kin nor Gosslee, who were in attendance upon plaintiff during his five-day period of hospitalization immediately following the accident, observed any bruises or other objective signs of injury, nor could they ascertain from their examinations any evidence of trauma of such nature, degree and result as that opined by Dr. Pasquier as necessary to cause the increased severity of plaintiff’s affection. Additionally, it is clear from Dr. Boykin’s testimony that plaintiff did not suffer the loss of sensation, nor did he sustain the incapacity which he claimed as a result of the alleged accident.
Plaintiff’s statements and actions in connection with his claimed injury were obviously disbelieved by both Drs. Boykin and Gosslee.
The record discloses that plaintiff had a long criminal record, which fact, in itself, is sufficient to cast serious doubt upon the credibility of his testimony.
After thorough examination of the medical testimony, we are unable to ascertain any error in the judgment appealed from, and, accordingly, the same is affirmed at appellant’s cost.